IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA BREMER, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-803-GPM |
| | ) |
| VIENNA HIGH SCHOOL DISTRICT #13-3, BILLY FAIRLESS, MORRIS MOTT, TERRY MULLINS, IDALIA HOPKINS, STEVE COLSON, SCOTT OBOURN, and TERRY W. MORELAND, | ) ) ) ) ) |
| | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter came before the Court on July 26, 2010, for a hearing on the motion to dismiss Plaintiff's amended complaint filed by Defendants Vienna High School District #13-3 (Vienna), Billy Fairless, Morris Mott, Terry Mullins, Idalia Hopkins, Steve Colson, Scott Obourn, and Terry W. Moreland. During the hearing, the Court granted in part the motion to dismiss. The Court also granted in part a motion to compel certain discovery filed by Plaintiff.

The Court finds it helpful to summarize some of its findings on the motion to dismiss and also finds it necessary to correct certain statements made regarding the applicable statutes of limitation. The claims asserted in Counts 1, 2, 3, 4, 7, and 8 of the amended complaint shall proceed against Vienna only. The Court construes Count 5 as a 42 U.S.C. § 1983 claim against each of the individual defendants.[1]

---

[1] There is no Count 6 alleged in the amended complaint.

With respect to Count 5, Plaintiff is **DIRECTED** to file a second amended complaint to set forth additional facts to establish that her constitutional claim for violation of a liberty interest is plausible consistent with the federal pleading standards recently propounded by the Supreme Court. *See generally Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Erickson v. Pardus*, 551 U.S. 89 (2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). Plaintiff shall amend her allegations in the remaining counts in accordance with this Order.

With respect to the statutes of limitation arguments raised on Plaintiff's wage claims, some clarification is necessary. As found during the hearing – and conceded by Plaintiff – Count 1 is subject to a two-year statute of limitation for non-willful violation of the Fair Labor Standards Act pursuant to 29 U.S.C. § 255(a). Upon further review of the applicable statute, the Court now finds that the statute of limitation applicable to the Illinois Minimum Wage Law claim alleged in Count 2 is three years pursuant to 820 ILCS 155/12(a). Likewise, the Court finds that the applicable statute of limitation on Count 3 for alleged violation of the Illinois Wage Payment and Collection Act is 10 years under 735 ILCS 5/13-206.[2]

Nothing in this Order is intended to modify the rulings made during the hearing, with the exception of the statutes of limitation findings related to Counts 2 and 3.

**IT IS SO ORDERED.**

DATED: 08/10/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[2] While a statute of limitation argument was not raised on this claim in the motion to dismiss, the Court misstated during the hearing that a two-year limitation period applied. The Court now finds that the limitation period is governed by 735 ILCS 5/13-206, restricting the claim to ten years.